UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE JAY DUBENSKY, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 1700 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Mike Jay Dubensky brought this *pro se* suit against the Chicago Public Library, alleging that it violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, by failing to hire him on the basis of his sex. Doc. 1. The City of Chicago moved to substitute itself as the defendant and to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 14. The court granted to motion to substitute, Doc. 17, and now denies the motion to dismiss.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Dubensky's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). The facts are set forth as favorably to Dubensky as those materials allow. *See Pierce v. Zoetis*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at this stage, the court does not

1

vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Dubensky applied for a job at the Chicago Public Library, and his application was denied on June 17, 2016. Doc. 1 at ¶¶ 4-6. He alleges that the denial was based on his sex. *Id*. at ¶¶ 9(g), 12(a). In the portion of the form complaint that allows *pro se* plaintiffs to state "facts supporting the plaintiff's claim of discrimination," Dubensky wrote this:

> Freedom of Information Act [(FOIA)] requests were conducted. Majority of Librarians who were required to have [been] accredited by ALA-MLIS degree, or foreign equivalent, did not have evidence of degree on file while my degree is attached to application. Over 40 librarians from City Hall web site were researched by FOIA staff.

*Id*. at ¶ 13. Dubensky attached to the complaint his transcript from Dominican University reflecting his earning of a Master of Library Information and Science degree, *id*. at 10, as well as FOIA responses he received from the Governor and Attorney General of Illinois. *Id*. at 6-9.

## Discussion

The City moves to dismiss the complaint for failure to state a claim. Doc. 14. It bases its motion on the meager facts set forth in the complaint; specifically, the City argues that "Plaintiff does not mention a position he applied for or the denial of an application for said position, let alone any facts underlying his belief that his application was denied because of his gender." *Id*. at 3. Dubensky responds that he requested from the City (via FOIA) information about the credentials of its librarians, but received data on only some of them. Doc. 19 at 23. Dubensky adds that the data he did receive was incomplete. *Ibid*.

The parties' punches and counter-punches concern the weight of the evidence Dubensky might offer to prove his claim, but evidence is not required at the pleading stage. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014) (reversing a Rule 12(b)(6) dismissal where the district court "faulted [the plaintiff] for not providing evidence in support of her claims,

2

though of course evidence is not required at the pleading stage") (internal citation and quotation marks omitted). Instead, on a motion to dismiss, the court must accept the well-pleaded facts as true and then determine, on that factual predicate, whether the plaintiff has a plausible claim to relief. Putting aside the evidentiary disputes about whether Dubensky was adequately credentialed as compared to the librarians the City did hire, and construing the complaint as the court must when considering a *pro se* complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed … .") (internal quotation marks omitted); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (same), the facts alleged are these: Dubensky was denied a librarian job at the Library on June 17, 2016, and the denial was based on his sex. Even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that is all it takes in the Seventh Circuit to state a viable Title VII claim. *See Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]o prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer … instituted a (specified) adverse employment action against the plaintiff on the basis of her or his sex.") (brackets omitted); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (same).

The City notes that Dubensky's form complaint includes a paragraph contemplating a claim under 42 U.S.C. § 1983. The paragraph reads: "If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983)." Doc. 1 at ¶ 10. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), a municipality is not liable for its employees' constitutional violations based on a *respondeat superior* theory. *Id*. at 691. Rather, to hold a municipality liable under § 1983, the plaintiff must allege that "a government's policy or custom" is responsible for the constitutional injury, *id*. at

3

694, and "that an official policy or custom not only caused the constitutional violation, but was the moving force behind it," *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (internal quotation marks omitted). "An official policy or custom may be established by means of [1] an express policy, [2] a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or [3] through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *see also Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011).

The only specific form of discrimination Dubensky identifies is sex discrimination in hiring, and it seems that he intended to bring that claim under Title VII, not § 1983, as his opposition brief does not even attempt to defend any *Monell* claim. That is, it would appear that the § 1983 language is mere surplusage from the form complaint. Thus, rather than dismissing a hypothetical *Monell* claim, the court will construe the complaint as not including one. If Dubensky wishes to bring a *Monell* claim, he may move to amend the complaint to state one in compliance with the requirements that attend such claims.

## Conclusion

The motion to dismiss is denied. The City shall answer the complaint by August 8, 2017.

July 18, 2017

United States District Judge

4