UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE JAY DUBENSKY, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 1700 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Mike Jay Dubensky brought this *pro se* suit against the Chicago Public Library ("CPL"), alleging that it violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, by failing to hire him as a librarian based on his sex. Doc. 1. The court granted the City of Chicago's motion to substitute itself as the proper defendant, Doc. 17, and then denied its motion to dismiss, Docs. 22-23 (reported at 2017 WL 3034651 (N.D. Ill. July 18, 2017)). With discovery having closed, the City moves for summary judgment. Doc. 55. The motion is granted.

**Background**

The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (citing cases); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) (same). Dubensky's *pro se* status does not excuse him from complying with Local Rule 56.1. *See McNeil v. United*

1

*States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of *pro se* litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("[S]trictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a *pro se* litigant.") (citation omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven pro se litigants must follow rules of civil procedure.").

Consistent with the local rules, the City filed a Local Rule 56.1(a)(3) statement of undisputed facts with its summary judgment motion. Doc. 58. The relevant factual assertions in the City's Local Rule 56.1(a)(3) statement cite evidentiary material in the record and are supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). Also consistent with the local rules, the City served on Dubensky a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a *pro se* litigant opposing summary judgment. Doc. 59.

Local Rule 56.1(b)(3)(B) required Dubensky to file a "concise response to [the City's Local Rule 56.1(a)(3)] statement … contain[ing] … a response to each numbered paragraph in [it], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). Dubensky filed no fewer than five responses, some of which advance factual propositions that he apparently believes are favorable to his case, Docs. 61, 63, 65, and others of which deny the

2

assertions made in the City's Local Rule 56.1(a)(3) statement, Docs. 64, 68. But Dubensky, in violation of Local Rule 56.1(b)(3)(B), failed to support any of his denials with citations to the record (despite the court's granting him an extension of time to file yet another response, Doc. 67), so his denials will be disregarded. Accordingly, the court accepts as true the facts set forth in the City's Local Rule 56.1(a)(3) statement. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Olivet Baptist Church v. Church Mut. Ins. Co.*, 672 F. App'x 607, 607 (7th Cir. 2017) ("The district court treated most of the [defendant's] factual submissions as unopposed, because the [plaintiff] failed to contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the way it enforced the rule in this litigation."); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.") (internal quotation marks omitted).

The court construes Dubensky's filings captioned "Disputed Facts," Doc. 63, and "Why the case should go to trial?" Doc. 65, as additional statements of fact ostensibly made pursuant to Local Rule 56.1(b)(3)(C), given that they are accompanied with what appears to be evidentiary support. But because the assertions set forth in those filings—which concern the degree status of two current CPL librarians named Shelley Bennett and Susan Hoffman, Doc. 63, and the City's granting Dubensky a massage therapist license, Doc. 65—have no bearing on the summary judgment motion, they are immaterial. *See Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993) ("Where the party opposing a motion for summary judgment bears the burden of proof on an issue, he may not rest on the pleadings, but must affirmatively demonstrate that there

3

is a genuine issue of *material* fact for trial.") (emphasis added); N.D. Ill. L.R. 56.1(b)(3)(C) (providing that a party opposing a summary judgment motion may file a "statement … of any additional facts *that require the denial of summary judgment*") (emphasis added).

That said, the court is mindful that "a nonmovant's failure to respond to a summary judgment motion or failure to comply with Local Rule 56.1 … does not … automatically result in judgment for the movant. [The movant] must still demonstrate that it is entitled to judgment as a matter of law." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations and internal quotation marks omitted). The court therefore will recite the facts in the City's Local Rule 56.1(a)(3) statement, viewing the facts and inferences therefrom as favorably to Dubensky as the record and Local Rule 56.1 allow. *See Canen v. Chapman*, 847 F.3d 407, 412 (7th Cir. 2017). The court then will determine whether, on those facts, the City is entitled to summary judgment. At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 281 (7th Cir. 2015).

In June 2016, the CPL advertised an opening for a librarian position at its main branch, the Harold Washington Library, located at 400 South State Street in Chicago. Doc. 58 at ¶ 23. The opening for a "Librarian I-General Information Services (GIS)" position was posted on the City's public job application website, the Chicago Automated Recruiting Evaluation Employment Reporting System ("CAREERS"), and internally circulated by email to current CPL employees. *Id*. at ¶¶ 17, 22-23. Dubensky applied for the job on the CAREERS website. *Id*. at ¶ 24. The CPL later identified an error in the June posting and cancelled it, reposting a corrected version on the CAREERS website in October. *Id*. at ¶¶ 26, 28. The CPL sent Dubensky notice of the cancellation via his profile on the website. *Id*. at ¶ 27. The notice stated: "Recently you applied for the Librarian I-GIS position in the Department of Chicago Public

4

Library that was posted in the City of Chicago's online application system. … This position is going to be reposted in the CAREERS online application system within the next 30 days. *If you wish to be considered for this position once it is reposted, you will need to reapply.*" *Ibid*. (emphasis added). Dubensky did not reapply. *Id*. at ¶ 29.

Under its collective bargaining agreement with Council 31 of the American Federation of State, County, and Municipal Employees, the CPL must "give preference" to "qualified" internal candidates. *Id*. at ¶ 18. The CBA also requires the CPL to interview qualified internal candidates "prior to the consideration of any [outside] applicant." *Ibid*. Accordingly, provided they meet the minimum qualifications for the relevant position, internal candidates are reviewed before external ones and referred first to the CPL's hiring department. *Id*. at ¶ 19. The CPL ultimately received applications from three internal candidates for the reposted Librarian I-GIS position, and interviewed two (the third cancelled her interview). *Id*. at ¶¶ 30-31. Both interviewers recommended the candidate ultimately chosen, Laura Adler, who has a master's degree in library and information science ("MLIS")—a requirement for a CPL Librarian I position—from Dominican University. *Id*. at ¶¶ 20, 31, 33. After a "consensus meeting" involving the two interviewers and a supervisor, the CPL offered Adler the position, and she accepted. *Id*. at ¶¶ 32, 34.

## Discussion

Although one of Dubensky's recent submissions suggests that he now believes the case "is about whether the female librarians [employed by the CPL] have the required education for the position," conceding that the candidate hired for the Librarian I-GIS position he sought "does have the required education," Doc. 61 at 1, Dubensky's complaint alleges that he was not hired for the Librarian I position because of his sex, in violation of Title VII, Doc. 1. Title VII makes

it "unlawful … for an employer … to fail or refuse to hire" an individual if his or her sex was "a motivating factor" in the decision. 42 U.S.C. § 2000e-2(a), (m). On summary judgment, Dubensky bears the burden of showing that "the evidence would permit a reasonable factfinder to conclude that [his] sex caused" the CPL to refuse to hire him for the position for which he applied in June 2016. *Owens v. Old Wis. Sausage Co.*, 870 F.3d 662, 666 (7th Cir. 2017); *see also Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 899 (7th Cir. 2016) ("We look past the ossified direct/indirect paradigm to address the critical question, which is simply whether a reasonable jury could infer prohibited discrimination.") (citations and internal quotation marks omitted).

The summary judgment record contains no evidence of sex-based discrimination against Dubensky. Instead, the record indisputably shows that Dubensky was not hired for the Librarian I-GIS position because he did not reapply for it (as directed by the notice the CPL sent him) and so was not considered. Doc. 58 at ¶ 29; *see Johnson v. Chi. Transit Auth.*, 699 F. App'x 558, 559 (7th Cir. 2017) (granting summary judgment where the plaintiff "offered no evidence that the [defendant] was inclined to discriminate against men or that anyone ever referred to his gender" and thus "failed to supply evidence that anti-male bias motivated" the complained-of actions); *Sweatt v. Union Pac. R.R. Co.*, 796 F.3d 701, 709 (7th Cir. 2015) (holding under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), that a plaintiff must show, among other things, that "he applied for and was qualified for an open position"). It is true that "[s]ilently preventing protected class members from applying, rather than explicitly deterring them," is actionable under Title VII. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 384 (7th Cir. 2016). But the record demonstrates that Dubensky—like everyone else who applied for the position on the City's CAREERS website—was notified that

he needed to reapply to be considered for the correctly advertised version of the job, and therefore that he was not treated in this regard differently than any other applicant. Doc. 58 at ¶ 27.

The summary judgment record also indisputably shows that Dubensky was not an internal candidate, and thus that he would not have been considered for the Librarian I-GIS position unless the three internal applicants—none of whom were Bennett or Hoffman, the two librarians referenced in Dubensky's Local Rule 56.1(b)(3)(C) statement—lacked the minimum qualifications. *Id*. at ¶¶ 18-19; *see Johnson*, 699 F. App'x at 559 ("Johnson has not identified a female employee who was similarly situated to him but was not suspended or discharged. … He needed to submit evidence that he and the female employees reported to the same supervisor, engaged in the same conduct, and had the same qualifications, and that there were no differentiating or mitigating circumstances as would distinguish the employer's treatment of them.") (internal quotation marks and ellipses omitted); *Sweatt*, 796 F.3d at 709 (holding under the *McDonnell Douglas* framework that the plaintiff must show that there were "candidates for the [relevant] position … who were comparable to [him] in all material respects, and yet were treated more favorably than he was (i.e. hired)"). As Dubensky appears to concede, the hired internal candidate had the "required education," Doc. 58 at ¶¶ 30-31, 33; Doc. 61 at 1, and so was qualified for the job.

On this record, no reasonable juror could find that Dubensky's sex played any role in the CPL's decision not to hire him for the Librarian I-GIS position and instead to hire a female applicant. The City accordingly is entitled to summary judgment.

7

**Conclusion**

The City's summary judgment motion is granted. Judgement in its favor and against Dubensky will be entered.

June 15, 2018

_____
United States District Judge